**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROCK RIDGE INSURANCE COMPANY** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **No. 24-3861** |
| | : | |
| **SCOTT R. KRUKOWSKI,** *et al.* | : | |

| | |
|---|---|
| **McHUGH, J.** | **April 8, 2026** |

### MEMORANDUM

This is a declaratory judgment action brought by an insurance carrier seeking judicial construction of a policy. Two of the interested parties have moved for reconsideration of my earlier ruling relieving Plaintiff Rock Ridge Insurance Company of its obligation to indemnify and defend.

Granting relief based on a motion for reconsideration is reserved for "extraordinary circumstances." *In re Energy Future Holdings Corp.*, 904 F.3d 298, 316 (3d Cir. 2018) (citation omitted). This is because such motions "are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). The scope of a reconsideration motion is narrow, *id.*, and courts will grant relief only where a party shows: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice," *Lazaridis v. Wehmer*, 591 F.3d 666, 679 (3d Cir. 2010).

Here, the parties move for reconsideration on the third basis. Manzo Mot., ECF 64; Millers Mot., ECF 65. Courts within this circuit have made clear that a party seeking to move for reconsideration on this basis "should evaluate whether what may seem to be clear error of law is

in fact simply a disagreement between the Court and the litigant." *Smith v. City of Chester*, 155 F.R.D. 95, 97 (E.D. Pa. 1994); *see also United States v. Jasin*, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003) (same). Although the Third Circuit has not adopted precise definitions of "clear error of law or fact" and "manifest injustice" in the reconsideration context, it has cautioned that the threshold to clear is high. *Energy Future Holdings Corp.*, 904 F.3d at 311. To satisfy this heightened burden, the movant "must show more than mere disagreement with the earlier ruling"; rather, the movant must demonstrate that the court committed "a 'direct, obvious, [or] observable error'" with its prior decision. *Id.* at 312 (quoting *Manifest Injustice*, Black's Law Dictionary (10th ed. 2014)).

Importantly, a party cannot use a reconsideration motion "to relitigate issues that the Court has already decided" or to "make additional arguments which should have been made before" the court's prior decision. *Smith*, 155 F.R.D. at 97; *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (stating that a reconsideration motion "addresses only factual and legal matters that the Court may have overlooked . . . It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through—rightly or wrongly.") (citation omitted).

Having considered the parties' submissions, in my view, they represent a reformulation of arguments previously made and mere disagreement with my conclusion, well short of the demanding standard for reconsideration. An appropriate order follows.

  /s/ Gerald Austin McHugh  
United States District Judge

2